Olando E. **GRAVES**, Plaintiff–Appellant,

v.

**JOHNSON CONTROLS WORLD SERVICES, INC.**, Defendant–Appellee,

and

**Linda Ramsey; Stan Nalley; John Watson; Mike Turpin; Tim Cetera; Danny Mendolla**, Defendants.

Olando E. **Graves**, an individual, Plaintiff–Appellant,

v.

**Peninsula Auto Machinists Lodge No. 1414, International Association of Machinists & Aerospace Workers; IAP World Services, Inc.**, formerly known as Johnson Controls World Services, Inc., Defendants–Appellees.

Nos. 06–16054, 06–16588.

United States Court of Appeals, Ninth Circuit.

Submitted March 14, 2008.*

Decided March 25, 2008.

* The panel unanimously finds these cases suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jared Robinson Smith, Esq., Novato, CA, for Plaintiff–Appellant.

Kevin F. Woodall, Esq., Jennifer Beth Hochschild, Scott Powers Inciardi, Esq., Foley & Lardner LLP, San Francisco, CA, Bradley R. Johnson, Esq., Foley & Landers LLP, Jacksonville, FL, for Defendants–Appellees.

Before: NOONAN, McKEOWN and FISHER, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

## MEMORANDUM **

Plaintiff-appellant Olando E. Graves filed an action against the above-listed defendants alleging that his former employer, Johnson Controls World Services, Inc. ("Johnson Controls"), racially discriminated against him. Graves appeals from the district court's grant of summary judgment in favor of the defendants and the subsequent denial of Graves' motion to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59(e).

Graves also appeals the dismissal of his separate action against his former union and his former employer, alleging that they breached the collective bargaining agreement and that the union breached its duty of fair representation. The district court dismissed the action as barred by the applicable statute of limitations and, with respect to his claims against his former employer, the doctrine of res judicata.

We affirm the district court's decisions in both cases.

### Case number 06–16054

### I. Summary Judgment

We review de novo a district court's grant of summary judgment. *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004).

With respect to Graves' claim of racial discrimination under the California Fair Employment and Housing Act ("FEHA"), the defendants satisfied their initial burden of showing that one or more of the prima facie elements was lacking, or that there was a nondiscriminatory reason for the adverse employment action. The burden then shifted to Graves to avoid summary judgment by offering "substantial responsive evidence" that the defendants' stated reasons were untrue or pre-

ed by 9th Cir. R. 36–3.

textual, or evidence that they acted with a discriminatory animus. *See Cucuzza v. City of Santa Clara,* 104 Cal.App.4th 1031, 1038–39, 128 Cal.Rptr.2d 660 (Cal.Ct.App. 2002). Graves did not meet his burden of offering substantial responsive evidence because he relied on his own declaration which consisted mainly of statements that lacked specificity or were purely speculative and he failed to provide any corroborating evidence.

The district court also appropriately granted summary judgment in favor of the defendants with respect to Graves' other claims: (1) termination, discipline or demotion in violation of public policy; (2) breach of implied and/or express contract of continued employment; (3) breach of implied covenant of good faith and fair dealing; and (4) intentional infliction of emotional distress.

Graves' cause of action for termination, discipline or demotion in violation of public policy was predicated on the same alleged conduct that was the basis of his claim under FEHA. The same framework of analysis applies to a claim under FEHA as a claim for wrongful employment termination in violation of public policy, and summary judgment was therefore also appropriate with respect to this claim. *See Loggins v. Kaiser Permanente International,* 151 Cal.App.4th 1102, 1107–09, 60 Cal.Rptr.3d 45 (Cal.Ct.App.2007).

■ In moving for summary judgment, the defendants submitted documents that carried their burden of showing there was no agreement limiting Johnson Controls' termination rights. *See Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 339, 100 Cal.Rptr.2d 352, 8 P.3d 1089 (Cal.2000). They negated Graves' other contract claim by showing that the individuals whom Graves alleged told him that he could only be terminated for good cause did not have authority to enter into contracts with him or change any existing term. Graves did not provide evidence to support his contract claims. Further, because Graves did not establish that the parties entered into an agreement to terms and conditions of his employment other than the "Conditions of Employment" letter which he signed, Graves also has not established that Johnson Controls failed to carry out its obligations in good faith.

■ Finally, Graves claimed that the defendants engaged in a discriminatory course of conduct that was intentional and outrageous and caused him emotional distress. Such a claim requires outrageous conduct that "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Fowler v. Varian Assocs., Inc.,* 196 Cal.App.3d 34, 44, 241 Cal.Rptr. 539 (1987) (internal quotation and citation omitted). Graves failed to provide evidence showing that the defendants' actions were outrageous and extreme. *See Janken v. GM Hughes Elec.,* 46 Cal.App.4th 55, 80, 53 Cal.Rptr.2d 741 (1996).

## II. Motion to Alter or Amend Judgment

We review a district court's order denying a motion to alter or amend judgment for an abuse of discretion. *Kona Enter., Inc. v. Estate of Bishop,* 229 F.3d 877, 883 (9th Cir.2000).

■ The district court did not abuse its discretion in denying Graves' motion to alter or amend the judgment because Graves did not show that he could not have used reasonable diligence to obtain declarations before summary judgment like the ones that he submitted after. The initial decision was not manifestly unjust, because summary judgment was appropriate.

## Case number 06–16588

### III. Dismissal of Hybrid Case

This court reviews de novo a district court's dismissal based on a statute of

602

limitations or based on res judicata. *Ventura Mobilehome Communities Owners Ass'n v. City of San Buenaventura,* 371 F.3d 1046, 1050 (9th Cir.2004); *Cabrera v. City of Huntington Park,* 159 F.3d 374, 381 (9th Cir.1998) (per curiam).

▮ The district court correctly dismissed Graves' claims. The action is a "hybrid" case as the Supreme Court described in *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 163–65, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), that is governed by the six-month limitations period of § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). Graves' complaint was time-barred because he filed his complaint well outside the six-month period measured from any relevant date. Further, equitable tolling is not appropriate here. *See Conley v. Int'l Bhd. of Elec. Workers, Local 639,* 810 F.2d 913, 915–16 (9th Cir.1987).

The district court also correctly applied the doctrine of res judicata because the case shares an identity of claims and parties with Graves' other case, in which there was a final judgment on the merits. We do not reach the defendants' alternative argument that the case is also barred by the doctrine of collateral estoppel.

Graves' motion for leave to file a late reply brief is granted; and his motion for reconsideration and the defendants' motion for clarification are denied as moot.

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.